IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RUBIN C. SLADE, JR.**,

        Petitioner,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

**Civil No.: 2:16cv38**
**Criminal No.: 2:03cr1**
**(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 9, 2016, RUBIN C. SLADE, JR., ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 2:16CV38, ECF No. 1; Criminal Action No. 2:03CR1, ECF No. 131).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.[2] For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

---

[1] From this point forward, except where specifically noted, all ECF Numbers refer to Petitioner's Criminal Action.
[2] The Petitioner failed to file his motion on Court-approved forms as required by LR PL P 3.4. A Notice [ECF No. 312] of Deficient Pleadings was mailed to Petitioner on May 10, 2016, allowing Petitioner 21 days to re-file his motion using the Court-approved form. **Given the recommendation herein, Petitioner is NOT required to submit his motion on Court-approved forms.**

1

## II. FACTS

Following a three-day jury trial, a verdict was entered against the Petitioner finding him guilty of Count 1 and 2, bank robbery and brandishing a firearm, in violation of 18 U.S.C. §§ 2113(a) and (d) and 924(c)(1)(A)(ii) respectively. On March 21, 2005, the Petitioner was sentenced to two consecutive life sentences, one on each count. Judgment, ECF No. 94. According to the Pre-Sentence Report ("PSR"), the Petitioner was subject to the mandatory term of imprisonment of life pursuant to 18 U.S.C. § 3559(c)(1). PSR at 22, ECF No. 95. Thereafter, the Petitioner filed a petition for writ of certiorari on May 23, 2007. 4th Cir. ECF No. 68, 05-4389. On June 25, 2007, the petition for certiorari was denied. Id. at ECF No. 71.

On June 16, 2009, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 121. On September 2, 2009, United States Magistrate Judge David Joel entered a Report and Recommendation in which he recommended that the Petitioner's § 2255 Motion be denied and dismissed as untimely. R&R, ECF No. 127. On March 2, 2009, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate with prejudice. ECF No. 129.

In this second Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[3], the "serious violent felony" provision of the relevant sentencing statute, 18 U.S.C. § 3559(c), is unconstitutional.

In Johnson, the Supreme Court considered a provision of the Armed Career Criminal Act that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g).

---
[3] 135 S.Ct. 2551 (2015).

2

Because the Petitioner was not sentenced as an armed career criminal, it does not appear that Johnson applies to his sentence.[4] However, even if applicable, the Petitioner's pending § 2255 motion is due to be dismissed for the reason discussed more fully below.

### III.  ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011). Although the Petitioner's first § 2255 motion was

---

[4]The Court acknowledges that 18 U.S.C. § 3559, in defining "violent felony," has language which is substantially similar to that of the ACCA. See 18 U.S.C. § 3559(2)(f)(ii). Since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement is unconstitutionally vague.  The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. There is a split of authority among districts in this Circuit and among the Circuits as well regarding whether Johnson is applicable to the residual clause of USSG § 4B1.2(a)(2).  However, the Fourth Circuit heard oral arguments on January 28, 2016, in In re Hubbard, No. 15-0276. The court's decision, when issued, is expected to address whether the Supreme Court's holding in Johnson applies to the USSG and renders the residual clause of the career offender provision unconstitutionally vague.  That decision may well address similar language in other provisions of the Criminal Code, including 18 U.S.C. § 3559(2)(f)(ii).

3

dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit.  See U.S. v. Gardner, 132, Fed. Appx. 467, 2005 WL 1249194 (4th Cir. 2005);Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002).  Diaz-Diaz v. United States, 297 F. App'x 574, 575 (8th Cir. Oct. 29, 2008); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); Villaaneuva v. United States, 346 F.3d 55, 61 (3rd Cir. 2003); Altman v. Benick, 337 F.3d 754, 766 (7th Cir. 2003).

Thus, the undersigned finds that the current § 2255 motion is a second or successive motion, and the Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion.  Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 2:16CV38, ECF No. 1; Criminal Action No. 2:03cr1, ECF No. 131] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable IRENE M. KEELEY, United States District Judge.  Failure to timely file objections to this

recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 12, 2016

                                       */s Michael John Aloi*
                              MICHAEL JOHN ALOI
                              UNITED STATES DISTRICT JUDGE